**Rita R. DOZE, Petitioner,**

v.

**SOCIAL SECURITY ADMINISTRATION, Respondent.**

**No. 01–3262.**

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 13, 2003.

Before CLEVENGER, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

Petitioner Rita Doze ("Doze") challenges an arbitration award sustaining her removal from federal service, No. LA 98–R–002 (April 23, 2001), contending that the Arbitrator "fail[ed] to take into account acting as an agent with criminal intent." We *affirm.*

I

Effective July 10, 1997, Doze was removed for misconduct from her position as a claims representative employed by the Social Security Administration ("SSA" or "agency"). The SSA charged Doze with: 1) acting as an agent for a group of boarding home operators; 2) giving preferential treatment to a group of boarding home operators; and 3) failing to follow SSA procedures governing the handling of claims for benefits and claims-related matters. These charges were set out in a 46–page letter proposing Doze's removal and were supported by more than 300 documents that were provided to Doze.

The American Federation of Government Employees ("AFGE" or "union") filed a grievance against the SSA on Doze's behalf, and the case was referred to arbitration pursuant to the parties' collective bargaining agreement. Doze was rep-

resented by an AFGE representative at the six-day arbitration proceeding. On April 23, 2001, the Arbitrator issued his Opinion and Award. The Arbitrator found that removal was proper and denied the grievance, concluding that Doze had "simply denied the first two charges," and that the "[v]olumes of evidence, transcript and argument" generated during the arbitration provided ample evidence to support a finding of misconduct warranting Doze's removal.

Doze timely sought review of the Arbitrator's decision pursuant to 5 U.S.C. § 7121(f). In her informal brief, Doze contends that the Arbitrator erred by "fail[ing] to take into account [whether she] act[ed] as an agent with criminal intent." In addition, Doze summarily denies the truth of several of the Arbitrator's factual conclusions, and requests a reversal of the Arbitrator's decision, reinstatement, an award of back pay, and her "name cleared of any wrongdoing."

## II

This court reviews the decisions of arbitrators in grievances affecting federal employees under the same standard of review that is applied in reviewing decisions of the Merit Systems Protection Board. *See* 5 U.S.C. § 7121(f); *Cornelius v. Nutt,* 472 U.S. 648, 656, 105 S.Ct. 2882, 86 L.Ed.2d 515 (1985); *Frank v. Dep't of Transp.,* 35 F.3d 1554, 1556 (Fed.Cir.1994). The standard applied is deferential, requiring this court to affirm the decision of the Arbitrator unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3); *see also Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir. 1984).

In her two-page informal brief, *pro se* Petitioner Doze contends that the Arbitrator erred by "fail[ing] to take into account [whether she] act[ed] as an agent with criminal intent." In addition, Doze summarily denies the truth of several of the Arbitrator's factual findings, stating: "I never got involved in any type of scheming. I never showed preferential treatment to the recipients or boarding home operators. Nor did I act as an agent for any boarding home operators."

As pointed out in the SSA's informal brief, as a technical matter, Doze has failed to carry her burden by failing to proffer anything more than conclusory denials or to direct this court to any basis in the record that would support her assertions of error. *See Darwin Constr. Co. v. United States,* 811 F.2d 593, 596 n.1 (Fed. Cir.1987). The SSA also notes that Doze apparently concedes that the Arbitrator applied the correct law. Accordingly, the SSA claims, Doze's assertions on appeal are subject to summary rejection.

Despite these defects, we choose to read Doze's *pro se* pleading liberally, and–in light of the arguments presented in the arbitration proceedings–conclude that Doze's assertion that the Arbitrator failed to take into account whether she acted "as an agent with criminal intent" is an attempt to reassert a legal argument asserted by Doze's union representative in the arbitration proceedings.

In the union's written submission to the Arbitrator, it argued that under this court's holding in *King v. Nazelrod,* the SSA had charged Doze with a criminal violation and was therefore required to prove each element of that violation by a preponderance of the evidence. 43 F.3d 663, 666 (Fed.Cir.1994) (holding that "[i]t would be unfair ... to permit the Agency to brand [an employee] a criminal without

requiring it to prove the elements commonly associated with the crime"). The union contended that the SSA's first charge, that Doze "acted as an agent," implicated the criminal violation defined in 18 U.S.C. § 205(a), thereby subjecting the SSA to the requirement set forth in *King*. The union further contended that the SSA had failed to demonstrate two elements of the crime of "acting as an agent" against the Government: criminal intent and the existence of a traditional agency relationship. Accordingly, the union asserted, charge one could not be lawfully sustained under this court's precedents.

In its best light, the gravamen of Doze's argument on appeal appears to be a reassertion of this argument that, absent a finding that the two disputed elements had been proven by the SSA, the Arbitrator could not lawfully sustain the first of the three charges set forth in Doze's removal letter. We, however, do not read the Arbitrator's decision to have specifically sustained charge one or based its ultimate determination that removal was appropriate on charge one. In fact, apparently responding to this very argument, the Arbitrator stated that "whatever the motive, and whether or not a technically pure agency relationship was shown to have existed, [Doze's] inappropriate actions were preferential in nature and against government policy...." The Arbitrator then proceeded to find that "there were numerous repetitions of dishonest and inappropriate conduct," and that the conduct proven was of the type "for which an employee can be terminated on the first offense." Thus, without any obvious reference to charge one, and apparently relying on misconduct contained in the specifica-

tions underlying charges two and three, the Arbitrator specifically concluded that the penalty of removal was reasonable. Accordingly, even assuming *arguendo* that Doze has sufficiently reasserted the union's argument, and assuming, again solely for purposes of argument, that charge one sufficiently implied a violation of 18 U.S.C. § 205(a), we find no error in the Arbitrator's decision.[1]

After reviewing the record on appeal, we hold that the Arbitrator's decision was supported by substantial evidence. And, in light of the Arbitrator's findings regarding the seriousness of Doze's misconduct, we cannot conclude that the Arbitrator erred in finding removal was appropriate. Accordingly, the award of the Arbitrator is affirmed.

---

1. Moreover, even were we to find that the Arbitrator did erroneously sustain charge one, we note that this finding would not require a reversal of the Arbitrator's decision. *See, e.g.* *O'Neill v. Dep't of Housing & Urban Dev.*, 220

F.3d 1354, 1364–65 (upholding penalty of removal on the basis of other misconduct despite invalidation of a charge based on violation of 18 U.S.C. § 205(a)).